EBENEZER STRATTON vs. THE COMMONWEALTH.

On a petition for a writ of certiorari to quash the record of a conviction, the court will not examine the evidence given at the trial, unless it appears on the record that objections were then taken to its competency.

A complaint made to a justice of the peace, charging "that S., on the 1st day of March 1845, and on divers days between that day and the day of exhibiting this complaint, at A. in the county of W., was a common railer and brawler, against the peace, &c., and contrary to the form of the statute," &c., is sufficient to sustain a conviction of S. by the justice.

On the 22d of August 1845, a sworn complaint was made to a justice of the peace, against Ebenezer Stratton, that he, " on the first day of March in the year one thousand eight hundred and forty five, and on divers other days between that day and the day of exhibiting this complaint, at Athol, in the county of Worcester, was a common railer and brawler, in evil example to others in like case to offend, and against the peace and dignity of the Commonwealth, and contrary to the form of the statute in such cases made and provided." The justice issued a warrant on this complaint, and said Stratton was arrested and carried before him, on the 25th of said August, and pleaded not guilty.

The record of the justice stated, that " after due examination of divers witnesses, and a full hearing of the case," it appeared to him that said Stratton was " guilty of the charge alleged against him, as set forth in said complaint." The judgment of said justice was, " that said Ebenezer Stratton be punished by confinement in the house of correction in Worcester, for the term of *two months*, there to be governed

VOL. X                    19

according to the rules and regulations established for the government of said house."

Said Stratton, being in confinement, pursuant to said judgment, presented a petition that a writ of *certiorari* might issue, requiring said justice " to certify and send up to this court the record of the said complaint, and of all the proceedings had before him in the premises," that they might be quashed.

The petition alleged that there were these errors in the proceedings before the justice : " *First,* that the said complaint did not set forth, with due certainty and precision, any offence. *Second,* that the said complaint did not set forth any substantive acts of the defendant, from which the commission of the offence might be safely inferred. *Third,* that the said com · plaint specified only one day when the defendant was sup · posed to be a common railer and brawler." The petition also alleged that " the acts attempted to be proved, to constitute him a common railer and brawler, were acts of religious worship performed by him agreeably to the dictates of his conscience."

A copy of the complaint, the warrant and the officer's return thereon, and the judgment, as certified by the justice, were annexed to the petition.

The counsel for the petitioner, proposed to introduce evidence, *de bene esse,* that the acts complained of, and of which the petitioner was found guilty, were religious exercises, and at one place only ; and cited *Inhabitants of Wilbraham v.* *County Commissioners,* 11 Pick. 325. The court refused to receive the evidence.

*Bridges,* for the petitioner. The complaint does not contain averments sufficient to show that the petitioner was a *common* railer or brawler. No act is described, and only one day is specifically mentioned, on which he is alleged to have been such railer and brawler. Nor is it alleged that he disturbed any one. He therefore could not know what he was accused of. 1 Chit. Crim. Law, 229−231. *Rex* v. *Cooper,* 2 Stra. 1246. *Commonwealth* v. *Maxwell,* 2 Pick. 139. *The State* v. *Scribner,* 2 Gill & Johns. 246.

The petitioner's proper remedy is by writ of *certiorari*. 5 Dane Ab. 88, 93. 1 Chit. Crim. Law, 372 – 375. *Clark* v. *Commonwealth*, 4 Pick. 125. *The King* v. *Jukes*, 8 T. R. 542, 625. *The King* v. *Abbot*, 2 Doug. 553, *note*. *The King* v. *Terret*, 2 T. R. 735. *Rex* v. *Morley*, 2 Bur. 1040. *Barnard* v. *Fitch*, 7 Met. 605.

*Wilkinson*, (District Attorney,) for the Commonwealth. By Rev. Sts. *c.* 143, § 5, a justice of the peace is authorized to send a common railer or brawler to the house of correction ; and by § 8 of that chapter, and § 28 of *c.* 85, the party may appeal. It may, therefore, well be doubted, whether a justice's proceedings can be removed by a writ of *certiorari* where an appeal from his judgment might be taken, and the party be tried by a jury.

But a writ of *certiorari* should not issue in this case, because the complaint is sufficient, and the judgment legal on its face. Common barrators, common scolds, &c., and common sellers of spiritous liquor without license, may be indicted by these general words, without alleging any particular acts, "because the charges include in their nature a succession and continuation of acts, which do not belong to any particular period, but form the daily habit and character of the individual offending." 1 Chit. Crim. Law, 230. *Commonwealth* v. *Davis*, 11 Pick. 432. *Commonwealth* v. *Pray*, 13 Pick. 359. *Commonwealth* v. *Odlin*, 23 Pick. 275. The same reason applies to the present case.

DEWEY, J. The present application for a writ of *certiorari* must be maintained, if at all, upon the ground of the irregularity of the proceedings in the cause, apparent upon the record and documents properly before us upon a return of the same by the magistrate. The sufficiency of the evidence to sustain the complaint is not before us, and ought not to be revised by us ; it not appearing on the record that any objection to the competency of the evidence was taken before the justice. *Cousins* v. *Cowing*, 23 Pick. 215. This is especially true in a case like the present, where the whole case, upon the facts as well the law, was open to an appeal to the court of common pleas. Rev. Sts. *c.* 143, § 8.

The counsel for the government go further, and insist that it may be doubtful whether this court should, in any case, grant a writ of *certiorari*, to remove the proceedings of a justice of the peace, where the more full and equally adequate remedy .by appeal has been given by statute. The authority vested in this court, by Rev. Sts. *c.* 81, § 5, to grant writs of *certiorari*, is very broad, and may embrace cases arising like the present; but ordinarily this mode of revising the doings of the justice, and raising any legal objections to his proceedings, will be much less prompt or effectual in protecting the rights of parties, than taking an appeal, which will at once supersede the judgment or sentence of the justice, and transfer the case to another tribunal. Without, however, particularly considering or deciding that point, we have looked at this case as it is presented to us by the petitioner, as arising upon the proceedings set forth by him, and upon which he relies to sustain his application for a writ of *certiorari*. The point here taken is, that the complaint is defective, in not setting forth any distinct offence accompanied with those particular allegations essential to the proper charging of a single offence; it being only the general allegation that the party was a common railer and brawler.

An indictment must charge the offence with as much certainty as the nature of the case will admit. Hence, in most cases, it is necessary to state in detail all the essential particulars constituting the offence. This will include time and place, and usually the name of the individual whose rights of person or property have been violated, and other circumstances giving the offence a distinct character. But this general rule has always had its exceptions. From the very nature of the case, where the offence consists, not in a single act, but of a series of acts, and this continued series of acts is an essential element in the crime, it would seem that the charge might properly be general in its character, and need not specify the details of the various distinct acts, which will establish the guilt of the party. The cases long distinctly recognized as within the exception are those of one indicted

as a common barrator, or as a common scold ; and it has been sometimes said that these were the only exceptions. But various other cases, obviously falling within the principle, have also been held to be within the exception ; as the offence of keeping a common disorderly house, or common gaming house. *Rex* v. *Higginson*, 2 Bur. 1232. So the offence of being a common seller of spiritous liquors without license, where the indictment charged the offence generally, was held, from the nature of the offence, to be well charged. *Commonwealth* v. *Pray*, 13 Pick. 359. We have no doubt, in looking at the present case, that from the very nature of the offence here charged, it being not a particular act, but a continued series of acts or habit of life, that constitutes the offence of being a common railer and brawler, it is properly set forth by the same general description of the crime charged, that would be good in case of a common barrator or common scold. All the reasons for permitting it in those cases apply, with equal force, to the case of the offence of being a common railer and brawler. We perceive that in the case of *Rex* v. *Cooper*, 2 Stra. 1246, cited for the petitioner, a different opinion was held as to an indictment against one as a common brawler ; the same opinion is, to some extent, sustained by other cases referred to in 1 Chit. Crim. Law, 229, 230. We think the better rule, and one supported by analogy and good sense is, that in a prosecution before a justice of the peace for the offence of being a common railer and brawler, as made punishable by the provisions of Rev. Sts. *c.* 143, §§ 5, 6, by a sentence of commitment to the house of correction or workhouse, the complaint is sufficient in law if it charge the offence generally, and without setting out any distinct acts of railing or brawling.

*Petition dismissed.*